UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GLORIA GREEN,

                              Plaintiff,

v.                                                              Case No. 5:09-cv-354-Oc-30GRJ

RENAL TREATMENT CENTERS
SOUTHEAST,

                              Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will construe as a Motion to Proceed *In Forma Pauperis*. For the reasons discussed below, it is recommended that Plaintiff's Complaint (Doc. 1) be **DISMISSED** and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED.**

## **DISCUSSION**

Plaintiff, proceeding *pro se*, improperly is attempting to appeal a July 2009 Order issued by the Florida Unemployment Appeals Commission, denying her claim for unemployment compensation because her appeal was filed late. The Complaint consists of a single handwritten paragraph representing that Plaintiff was involved in an automobile accident in April 2009, apparently offered as her excuse for filing her state administrative appeal late. Attached to the Complaint are various documents from the Plaintiff's case before the State of Florida's Unemployment Appeals Commission.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Notably, one of the documents entitled "Notice of Order" notifies Plaintiff that the Order will become final unless appealed to a "District Court of Appeal" within thirty days. Apparently, Plaintiff filed the case in this court because she mistakenly confused the United States District Court with the Florida District Court of Appeal.[2]

This Court does not have federal question or diversity subject matter jurisdiction to review an appeal from a decision of the State of Florida Unemployment Appeals Commission. To do so the case must involve federal law or involve a dispute between citizens of different states involving an amount in excess of $75,000. This case does not involve either scenario.

Accordingly, because this Court does not have subject matter jurisdiction to review a decision of the State of Florida Unemployment Appeals Commission, it is respectfully **RECOMMENDED** that the Plaintiff's Complaint (Doc. 1) be **DISMISSED**[3] and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED.**

**IN CHAMBERS** in Ocala, Florida, on August 18, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
  The Honorable James S. Moody, Jr.
  United States District Judge

  *Pro se* Plaintiff, Gloria Green
    5811 NW 11th Place
    Ocala, FL 34482

---

[2] According to the "Notice of Order," "[j]udicial review [of the Unemployment Appeals Commission's decision] is commenced by filing one copy of a notice of appeal with the clerk of the Commission . . . and a second copy, . . . with the appropriate [Florida] District Court of Appeal."

[3] While the Court would normally permit a *pro se* Plaintiff an opportunity to amend her Complaint to cure any deficiencies, in this case, there is no reason to do so because there are no additional facts which Plaintiff could allege that would confer federal jurisdiction over this dispute.

2